UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:19-CV-00196-TBR-LLK

**DONALD DUVALL**                                                                                              **PLAINTIFF**

**v.**

**GRACELAND PROPERTIES, LLC**                                                     **DEFENDANT**

### MEMORANDUM OPINION & SHOW CAUSE ORDER

**I. Background**

Plaintiff Donald Duvall ("Duvall") filed this action claiming breach of contract against Graceland Properties, LLC ("Graceland"). Graceland filed a motion for summary judgment that is ripe for review, but the Court is concerned it does not have subject matter jurisdiction over the case. For the reasons set forth below, both Duvall and Graceland are ORDERED to brief the issue of subject matter jurisdiction within seven days of entry of this order. **Accordingly, the Telephonic Status Conference set for 10/23/2020 is CANCELLED.**

**II. Legal Standards**

Jurisdictional questions precede any discussion regarding the merits of a plaintiff's claims. *Engstrom v. Mayfield*, 195 F. App'x 444, 447 (6th Cir. 2006). Federal courts "'have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.'" *Foster v. Chatman*, 136 S.Ct. 1737, 1745 (2016) (quoting *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006)). Moreover, "a court must dismiss a case for lack of subject-matter jurisdiction even if the parties do not raise the issue." *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 557 (6th Cir. 2012).

1

Federal Rule of Civil Procedure 8(a)(1) requires that complaints include "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1). Subject matter jurisdiction over a case exists pursuant to 28 U.S.C. § 1332 where the parties are diverse in citizenship and the amount in controversy exceeds $75,000. However, "a complaint must allege facts that could support a reasonable inference that the amount in controversy exceeds the statutory threshold." *Norris v. Glassdoor, Inc.*, No. 2:17-cv-00791, 2018 WL 3417111, at *6, n. 2 (S.D. Ohio July 13, 2018). Further, courts will not accept bare allegations that the action satisfies the jurisdictional amount in controversy requirement where the complaint contradicts that allegation. *See* 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1213, n. 3 (3d ed. 2020) (collecting cases).

### III.    Discussion

On the Civil Cover Sheet, Duvall indicated that this action raises a federal question. (DN 1-4 at 1). In his complaint, Duvall asserted that the basis for the court's jurisdiction is 28 U.S.C. § 1332. (DN 1 at 2) ("Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States."). Yet, Duvall only alleged "not less than" $13,000 in damages. (DN 1 at 4; 7). Thus, the complaint does not include facts that support a reasonable inference that the amount in controversy exceeds $75,000. *Norris*, 2018 WL 3417111, at *6, n. 2. Duvall's claim that amount in controversy is satisfied is contradicted by his failure to allege damages that exceed $75,000.

Duvall also included in his complaint that he wants to assert his claims on behalf of a class. (DN-1 at 1). This does not save Duvall from his failure to allege the minimum statutory damages. In a typical class action diversity case, the relevant amount in controversy is determined by the named plaintiff's alleged damages, and the named plaintiff must first show

that the court has subject matter jurisdiction over his claim before the court can exercise jurisdiction over the putative class. *See Engstrom*, 195 F. App'x at 448; *see also Siding and Insulation Co., Inc. v. Acuity Mut. Ins. Co.*, 754 F.3d 367, 369-370 (6th Cir. 2014). In short, Duvall's damages alone must exceed $75,000. Duvall has not alleged facts supporting a reasonable inference that the amount in controversy exceeds $75,000.

### IV.     Show Cause Order

Before dismissing the action, the Court will provide the parties with an opportunity to respond. *Day v. McDonough*, 547 U.S. 198, 199 (2006) ("Before acting on its own initiative, a court must accord the parties fair notice and an opportunity to present their positions."). **IT IS ORDERED** that within seven (7) days from the entry of this order, the parties brief the issue of subject matter jurisdiction.

**Thomas B. Russell, Senior Judge**
**United States District Court**

October 20, 2020

cc: counsel